IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


HUGO ORLANDO HERNANDEZ DEL CID,

       Petitioner,                        3:26cv0725
                                        ELECTRONICALLY FILED

    v.

TODD BLANCHE, MARKWAYNE MULLIN,
TODD M. LYONS, LEONARD ODDO,

       Respondents.


**MEMORANDUM ORDER DISMISSING WITHOUT PREJUDICE PETITIONER HUGO ORLANDO HERNANDEZ DEL CID'S PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 (DOC. 1)**


Pending is Petitioner Hugo Orlando Hernandez Del Cid's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).

Petitioner is a native and citizen of Guatemala who entered the United States lawfully on or about April 18, 2019, with an H2B working visa.  (*Id*. at ¶¶ 1, 4). Petitioner's visa expired on November 30, 2019, and Petitioner thereafter remained in the United States.  (*Id*. at ¶ 4, Exhibit D).

Petitioner asserts that Respondents have detained him "under a mandatory no-bond detention framework," challenges the legality of his detention, which he asserts violates the Due Process Clause of the Fifth Amendment, the Administrative Procedure Act ("APA"), and the Immigration and Nationality Act ("INA"), and seeks as relief: (1) [the issuance of ] a Writ of Habeas Corpus directed to Respondents requiring them to immediately release the Petitioner from ICE custody, as he is being detained under the wrong statute;" (2) the award of "costs and attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412;" and (3) "any

other and further relief that this Court may deem necessary and proper." (*Id*. at ¶¶ 2, 5, 11, 27-29, prayer for relief).

In response, Respondents explain that Petitioner is being detained pursuant to 8 U.S.C. § 1226(a) ("Section 1226(a)"), such that Petitioner is entitled to a "constitutionally adequate bond hearing." (Doc. 8 at 5). Respondents further contend that Petitioner has not requested a bond hearing and as such, Petitioner has not exhausted his administrative remedies. (*Id*. at 5-6).

Respondents also argue that Petitioner has not provided any basis for why he should be released from detention immediately, as opposed to being provided a bond hearing:

> Here, Petitioner requests immediate release from ICE custody, arguing, without explanation, that Petitioner is being detained under the wrong statute. *See* ECF No. 1 at p. 6. Petitioner has provided no support for his request for release, no support for his claim he is being held under the wrong statute, and no legal argument as to why that would entitle him to immediate release. Petitioner does not explain how any of his statutory or constitutional theories would entitle him to immediate release, rather than a bond hearing before an IJ as is provided by certain other immigration statutes.

(*Id.* at 4).

Finally, Respondents note that on May 13, 2026, *i.e*., a time after Petitioner filed his habeas petition on April 20, 2026, Petitioner's "application for . . . post-conclusion voluntary departure under INA § 240B(b)" was granted, and Petitioner was ordered to depart the United States for Guatemala by June 12, 2026. (Doc. 8-2).

The Court understands Petitioner to be asserting that he is being detained under 8 U.S.C. § 1226(c), s*ee* Doc. 1 at ¶ 8, in violation of his due process rights, the APA, and the INA, an assertion which has been established to be incorrect by Respondents' representation that Petitioner is being detained pursuant to Section 1226(a), *see* Doc. 8 at 5.

Having reviewed Petitioner's habeas petition and Respondents' response thereto, the Court finds that because Petitioner is detained pursuant to Section 1226(a), which entitles

Petitioner to a bond hearing before an immigration judge ("IJ") at any time prior to his removal order becoming final, Petitioner cannot obtain relief via a habeas petition based on an alleged denial of due process, an alleged violation of the APA, or an alleged violation of the INA, in relation to Petitioner's detention, when Petitioner has not yet gone through the administrative procedures available to him in the immigration courts, *i.e,* Petitioner has not exhausted his administrative remedies. *See Valerio v. Soto*, Civ. No. 26-3337, 2026 WL 1382775, at *1-2 (D. N.J. May 18, 2026) (dismissing a habeas petition without prejudice for failure to exhaust administrative remedies where the petitioner was detained pursuant to Section 1226(a) and had requested, but then withdrawn his request for, a bond hearing before an IJ).

Accordingly, Petitioner having failed to exhaust his administrative remedies prior to filing his habeas petition, Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) is hereby DISMISSED without prejudice to Petitioner filing a new habeas petition: (1) should the IJ refuse to provide Petitioner a bond hearing after requesting one at any time prior to Petitioner's removal order becoming final; or (2) challenging whether any bond hearing Petitioner receives once the process before the IJ is complete comports with due process.

The Clerk of Court shall mark this case CLOSED.

SO ORDERED this 1st day of June, 2026.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:  ECF Counsel of Record